# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LUCAS CANTON SCHNEIDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-CV-00143 RWS |
| ) | |
| UNKNOWN NAMED FBI AGENTS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to amend his complaint, as well as a motion for reconsideration of the transfer of this action and dismissal of his Missouri claim. [ECF Nos. 6 and 7]. Also before the Court is plaintiff's motion for injunctive relief. [ECF No. 8]. The Court entered an Order to transfer this action on February 6, 2025, pursuant to 28 U.S.C. §§ 1391(b) and 1404(a) to the United States District Court for the District of Alaska. Also on that date, the Court severed and dismissed plaintiff's claim that he was "chemically attacked" on the MetroLink in Missouri pursuant to 28 U.S.C. § 1915(e)(2)(B). Considering that Order, the Court will deny plaintiff's post-transfer motions, without prejudice.

The Court declines to reexamine its decision to transfer this action, and plaintiff has not provided substantial reasons for keeping his action in this Court. Moreover, plaintiff's motion for reconsideration of the dismissal of his claim relating to this Court fails to point to any manifest errors of law or fact, or any newly discovered evidence.[1] Instead, the motion can be said to merely

---

[1] Under Federal Rule of Civil Procedure 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.,* 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new

revisit old arguments. Plaintiff is therefore not entitled to reconsideration of the dismissal of his claim in his original complaint concerning the fact that he was "chemically attacked" on the MetroLink.

The Court also declines to allow plaintiff to amend his pleading to add additional claims based on the grounds of futility. *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) (stating that "there is no absolute right to amend" and that a court may deny a motion to amend for multiple reasons including a finding of futility). In both the proposed amended pleading, [ECF No. 6], as well as the "Emergency Motion for Injunctive Relief," [ECF No. 8], plaintiff asserts that he has been subjected to "chemical attacks" and "government surveillance." In the proposed amended complaint, he claims that he was subjected to surveillance and "chemical attacks" at the District Court on February 4, 2025, as well as on the MetroLink and on the street on his way to the hospital. [ECF No. 6, p. 15]. However, in his "Emergency Motion for Injunctive Relief, [ECF No. 8], plaintiff claims that, not only has he been subjected to "chemical attacks," but he has also been subjected to "medical interference, remote psychological manipulation and the use of classified cloaking technologies to stalk and evade capture." *See id*. at p. 1. Plaintiff additionally claims that he has discovered that "surgical implants are being used to override his natural pain responses and autonomic functions," and that "unknown federal employees are actively stalking [him] using classified cloaking technologies to remain hidden from public and surveillance cameras." *Id.* at 2. Plaintiff seeks to add claims against unnamed defendants under the False Claims Act, Civil Rights Whistleblower Protections, Dodd-Frank Act, the Federal Tort Claims Act and *Bivens* Actions.

---

evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris,* 193 F.3d 987, 990 (8th Cir. 1999).

Considering the aforementioned, plaintiff's post-dismissal motion to amend his complaint and his "Emergency Motion for Injunctive Relief," will be denied [ECF Nos. 6 and 8]. Allowing plaintiff to amend his complaint with the present allegations would be futile. *See Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (finding district court justified in denying plaintiff leave to amend because the "complaint, as amended, could not withstand a motion to dismiss"); *Coleman v. Ramada Hotel Operating Co.*, 933 F.2d 470, 473 (7th Cir. 1991) ("Although the federal rules generally favor a liberal amendment policy, justice does not demand that [a plaintiff] be given leave to append frivolous or repetitive allegations to [his or] her complaint at any stage in the proceedings.").

Plaintiff's allegations in both the post-dismissal motion to amend and the "Emergency Motion for Injunctive Relief" fail to link an alleged defendant or defendants to the purported chemical attack or surveillance. And as he was specifically told in the Memorandum and Order issued on February 6, 2025, [ECF No. 4], liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). Plaintiff's failure to indicate which of the alleged defendants violated his constitutional rights in Missouri is fatal to his claims for relief.[2]

Additionally, as noted above, plaintiff's motion for reconsideration of the transfer of this action and dismissal of his Missouri claim will also be denied. To the extent plaintiff wishes to file

---

[2] Furthermore, an action is factually frivolous if the facts alleged are "clearly baseless"; allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The allegations in the proposed pleadings appear factually frivolous under *Denton.*

3

additional documents relating to his claims that arose within the District of Alaska, he should do so in that Court. This Court will not accept any additional pleadings in this case. If plaintiff wishes to file additional claims relating to actions arising in Missouri, he must file a completely new action in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend his complaint [ECF No. 6] is **DENIED**. To the extent plaintiff wishes to file additional motions relating to his claims that arose in the District of Alaska, he must do so in that Court.

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the transfer of this action and dismissal of his Missouri claim [ECF No. 7] is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's post-dismissal motion for injunctive relief [ECF No. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not accept any additional filings in this action. All filings shall be returned to plaintiff unless they relate to a Notice of Appeal.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 19th day of February, 2025.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

4